UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BENJAMIN CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-2800** |
| **LOUIS MARCOTTE, ET AL.** | **SECTION "S" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Benjamin Clark, is a state prisoner incarcerated at the Rayburn Correctional Center, Angie, Louisiana. He filed this lawsuit pursuant to 42 U.S.C. § 1983, naming as defendants Judge Martha E. Sassone, former bondsman Louis Marcotte, Bail Bonds Unlimited, Inc., and their insurers.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  The United States Fifth Circuit Court of Appeals has held that the screening provisions of § 1915A apply even when, as in the instant case, the prisoner has paid the required filing fee.  Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).

The Court has broad discretion in determining the frivolous nature of a complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.  Broadly reading plaintiff's complaint,[1] the Court finds that his claims should be dismissed as frivolous.

In his complaint, plaintiff claims that he was arrested in Jefferson Parish, Louisiana, and his bond was set at $75,000.  He retained the services of bondsman Louis Marcotte and Bail Bonds Unlimited, Inc., and was released on bond on September 13, 2002.  On November 13, 2002, plaintiff was arraigned and his bond was raised to $150,000, allegedly without "logical explanation."  Because he was unable to post the higher bond, he remained in jail eighteen months as he awaited trial.

---

[1] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

At a bench trial held before Judge Martha E. Sassone on February 11, 2004, plaintiff was convicted of possession with intent to distribute cocaine. He was subsequently sentenced to a term of twenty-five years imprisonment without benefit of parole, probation, or suspension of sentence for the first two years. On June 28, 2005, the Louisiana Fifth Circuit Court of Appeal affirmed that conviction and sentence. State v. Clark, 909 So.2d 1007 (La. App. 5th Cir. 2005). The Louisiana Supreme Court subsequently denied his related writ application. State v. Clark, 925 So.2d 538 (La. 2006). Plaintiff currently has two federal *habeas corpus* applications pending in this Court regarding that conviction. Clark v. Butler, Civ. Action No. 06-3519 (E.D. La.); Clark v. Butler, Civ. Action No. 07-2738 (E.D. La.).[2]

Plaintiff notes that it has come to light that Louis Marcotte was engaged in various illegal activities concerning his bonding practices in Jefferson Parish, including a criminal scheme with some judges of the Louisiana Twenty-Fourth Judicial District Court to maximize the profits of Marcotte's company, Bail Bonds Unlimited. Marcotte now stands convicted as a result. United States v. Marcotte, Crim. Action No. 04-061 (E.D. La.).

Based on the publicity regarding Marcotte's legal troubles, plaintiff has concluded that he was a victim of Marcotte's nefarious activities. In this lawsuit, plaintiff claims that Marcotte and Judge Sassone conspired to fraudulently raise plaintiff's bond which resulted in his wrongful reincarceration to await trial.

---

[2] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

However, plaintiff's claims against the defendants are founded on factual contentions that are clearly baseless. Judge Martha E. Sassone, despite her other recent legal problems,[3] has never been implicated in Louis Marcotte's illegal schemes. To the contrary, Judge Sassone assisted in exposing the corrupt bonding practices at the Louisiana Twenty-Fourth Judicial District Court and provided crucial cooperation to the F.B.I. during the investigation into the matter.[4] Plaintiff's purely speculative and completely conclusory allegations of a conspiracy between Marcotte and Judge Sassone are insufficient to state a claim under 42 U.S.C. § 1983. Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); see also Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).[5]

Further, in any event, plaintiff has suffered no compensable harm. Although he alleges that he spent eighteen months in jail awaiting trial, he was subsequently convicted at trial and sentenced to twenty-five years imprisonment. Under Louisiana law, he is entitled to a credit against his sentence for the time he served awaiting trial. La.C.Cr.P. art. 880. Therefore, although he spent

---

[3]  *In re* Judge Sassone, No. 2007-O-0651, 2007 WL 1866449 (La. June 29, 2007).

[4]  Id. at *19 (Weimer J., dissenting).

[5]  See also Pierre v. Marcotte, Civ. Action No. 03-2360 "B"(2) (E.D. La. Oct. 27, 2003) (Wilkinson, M.J.) (adopted by Lemelle, J., on Nov. 21, 2003). Pierre was a strikingly similar case in which a state prisoner sued former Judge Ronald Bodenheimer and Louis Marcotte based on allegedly fraudulent bonding practices. In addition to rejecting the conspiracy claim on the ground that it was conclusory, the Court further held that Judge Bodenheimer was protected by absolute judicial immunity even if he acted corruptly as alleged. The Court then noted that, because the claim against Bodenheimer must be dismissed on that basis, the claim of his alleged co-conspirator, Marcotte, who was not a state actor, must likewise be dismissed.

time in jail awaiting trial, he will be eligible for an earlier release from jail as a result.  He has not been harmed because his inability to post bond has not resulted in any *additional* jail time.[6]

Lastly, even if plaintiff could overcome the other problems discussed herein, it appears that his claims would nevertheless be prescribed.  "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period.  In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492.  "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted).  In this case, plaintiff's claims are based on the revelation of Marcotte's illegal bonding schemes.  At the absolute latest, the existence of Marcotte's schemes was conclusively revealed when he pled guilty on March 18, 2004.[7]  Therefore, plaintiff had reason to know of any claims regarding his allegedly fraudulent bond in 2004; however, he did not file suit until some three years later in 2007.  Therefore, even if he had otherwise cognizable claims, which he does not, they would nevertheless be prescribed.

---

[6] Although plaintiff contends that he was harmed by being unable to contact witnesses while in jail and better prepare his defense, that again is purely speculative.  Moreover, he was represented by counsel at trial, whose obligation it was to investigate the matter, contact witnesses, and prepare a defense on plaintiff's behalf.

[7] United States v. Marcotte, Crim. Action No. 04-061 (E.D. La.) (Rec. Doc. 23).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventeenth day of July, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　DANIEL E. KNOWLES, III
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE